**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LAWRENCE C. MORALES,**

        Plaintiff,

vs.                                                                                                   Civ. No. 02-334 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, a Rehearing filed December 12, 2002. (Docket No.11) The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and this matter will be remanded for an immediate award of benefits.

**I.  PROCEDURAL RECORD**

    Plaintiff, Lawrence C. Morales, filed an application for benefits on October 2, 1998, alleging a disability since January 13, 1997, due to ulnar[1] nerve palsy in the left arm.  Tr. 198 and 205. The

---

[1] "ulnar...pertaining to the (medial) aspect of the arm as compared to the radial (laternal) aspect." Dorland's Pocket Medical Dictionary, 23rd Ed. 1982).

1

Administrative Law Judge (ALJ) found that Plaintiff's neuritis[2] is a severe impairment The ALJ further found that Plaintiff was not disabled according to the grids. Tr. 142-48. Plaintiff appealed the decision and on May 22, 2001, the Appeals Council remanded the case to the ALJ for additional proceedings. The Order of Appeals Council remanded on the following issues:

    1.    "Further evaluate the claimant's mental impairment...
    2.    "Give further consideration to the claimant's maximum residual functional capacity and provide rationale with specific reference to evidence of record in support of the assessed limitations..." and
    3.    "Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on claimant's occupational bases...[and]..before relying on the vocational expert evidence of the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupation Tiles (DOT)..."

Tr. 190.

The ALJ conducted a hearing September 11, 2001. At the hearing, the Plaintiff was represented by an attorney. On October 11, 2001, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R.§ 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993): the claimant has not engaged in post-onset substantial gainful activity; the claimant has an impairment or combination of impairments considered "severe"; the claimant's impairments do not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible; the claimant has a residual functional capacity for the performance of light work; the claimant is not able to perform his past relevant work; using Medical-Vocational Rule 202.21 as a framework, there are significant number of jobs in the national economy such as escort driver, sales attendant, shipping/receiving, and bingo caller; and the claimant is not under a

---

[2]"neuritis...Inflammation of a nerve..." Id.

"disability," as defined in the Social Security Act, at any time through the date of this decision.  Tr. 16-28.

The ALJ entered his decision on October 11, 2001.  Thereafter, the Plaintiff filed a request for review.  Tr. 7.  On February 1, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr.8.  The Plaintiff subsequently filed his Complaint for court review of the ALJ's decision on March 22, 2003.

## II. STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."  Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff was attacked and beaten by his employer with a baseball bat in January of 1997. As a result he suffered an injury to his left arm and right knee. Though his knee healed without difficulty, Plaintiff has significant weakness in his upper left extremity. Tr. 298, 355-57. He was left hand dominant prior to the injury. The limitations as a result of this injury has been noted by his physicians. He was initially treated by Robert McRoberts, M.D. in 1997. Dr. McRoberts stated that the Plaintiff could not work because of his left ulnar nerve dysfunction. Tr. 301. Another treating physician, Brian G. Solan, M.D. stated in May of 1998, August of 1998, November of 1999 and July and August of 2001 that the Plaintiff could not perform work that requires two hands or could not perform his usual work. Tr. 328, 329, 366, 399 and 402. An Agency physician, Eugene P. Toner, M.D., performed a consultative evaluation in May of 1999 and found that Plaintiff could not lift more than five pounds with his left arm and was unable to do any fine manipulation or overhead work with his left arm. Tr35.

Plaintiff's mental impairment is also supported by the medical evidence in the record. Dr.

Solan noted Plaintiff's depression on each visit and prescribed Zoloft and Paxil. Tr. 319, 323, 330, 383, 387, 390, 393 and 397. Dr. Toner noted that Plaintiff appeared to be paranoid and recommended a psychiatric evaluation. Tr. 334. Plaintiff underwent treatment from March to June of 1999 for "Post-Traumatic Stress and ongoing depression." Tr. 374. A psychiatric evaluation was performed by Carlos Balcazar, M.D. on May 14, 1999. Plaintiff reported to Dr. Balcazar that he was feeling depressed, had difficulty sleeping and was having suicidal thoughts. Tr. 342. Dr. Balcazar observed that the Plaintiff was disheveled in appearance and looked tired and worn out. Id. Plaintiff exhibited some impairment in his attention span and ability to concentrate and his affect and mood was "on the depressed side." Dr. Balcazar diagnosed the Plaintiff with major depression and rated his functioning as "poor." Tr. 343.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in relying on the testimony of the vocational expert and that the ALJ's credibility finding is not supported by substantial evidence and is contrary to law. Defendant appears to agree. In her response, Defendant agreed to a remand and agreed to specifically reevaluate Plaintiff's mental impairments, analyzing the degree of functional losses in the four areas of function and discuss the evidence to determine the rating of severity; to reevaluate Plaintiff's residual functional capacity and incorporate all of Plaintiff's exertional and non-exertional limitations in this assessment; to obtain testimony from a vocational expert and insure that all of Plaintiff's exertional and nonexertional limitations are in the hypothetical questions presented to the vocational expert; and to explain any discrepancies between the vocational expert's testimony and the information in the Dictionary of Occupational Titles. Plaintiff would not agree to a remand but rather requests an immediate award of benefits.

When a decision of the Secretary is reversed on appeal, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. Emory v. Sullivan, 936 F.2d 1092, 1095 (10th Cir. 1991). "Outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." Williams v. Bowen, 844 F.2d 748, 760 (1988).

In this matter the facts are developed and there is sufficient evidence of a disability. There is objective medical evidence that Plaintiff suffers from significant limitations because of a left ulnar nerve dysfunction and depression. When a hypothetical was presented to the vocational expert which included Plaintiff's physical and mental limitations, the expert testified that the Plaintiff would not be able to hold a job. Tr. 128-29.

Plaintiff filed his application for benefits on October 2, 1998. Plaintiff has endured two hearings and two decisions from an ALJ over four years. There has been one order of Remand by the Appeals Council of May 22, 2001 that the ALJ failed to follow. The second order of remand now proposed by the Agency cover the same issues. Notably, the ALJ has failed on two occasions to explain any discrepancies between the vocational expert's testimony and the information in the Dictionary of Occupational Titles. The agency "is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion." Sisco v. United States Dept. of Health & Human Servs, 10 F.3d 739, 746 (10th Cir. 1993).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure, filed December 12, 2002 is granted; and

**IT IS FURTHER ORDERED** that this case is remanded to the Commissioner for an award of immediate benefits.

*[Signature]*

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**